## A03A1663. MEEKS v. THE STATE.
### (593 SE2d 746)

MILLER, Judge.

Michael Meeks appeals from the trial court's denial of his motion to quash an indictment charging him with various offenses under the Georgia Boat Safety Act. See OCGA §§ 52-7-1 to 52-7-26. Since the plain language of the Boat Safety Act reflects that the Act does not apply to privately owned ponds or lakes that are not open to the public, and since the parties stipulated that the incident here occurred on a privately owned lake that was not open to the public, we reverse.

The record reveals that Meeks was indicted on six counts of serious injury by vessel, two counts of boating while under the influence of alcohol, and one count of reckless boating under the Boat Safety Act.[1] See OCGA §§ 52-7-12 (a); 52-7-12.1; 52-7-12.4. The parties stipulated that the incident upon which the indictment was based took place on a privately owned lake that was not open to the public. Meeks moved to quash the indictment, arguing that the provisions of the Boat Safety Act applied only to "[w]aters of this state" as defined in the Act, which definition expressly excluded privately owned lakes or ponds that were not open to the public. See OCGA § 52-7-3 (26). The trial court denied the motion but certified its order for immediate review by this Court. Having followed the interlocutory appeal procedure, Meeks appeals.

Since the facts are not in dispute and the question on appeal is purely one of law with respect to the application of the Boat Safety Act, we owe no deference to the trial court's ruling and apply the "plain legal error" standard of review. See *Suarez v. Halbert,* 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

To determine the proper application of the Boat Safety Act, we need not look any further than the language of the Act itself. OCGA

---

[1] Meeks was also indicted on one count of reckless conduct, but on appeal he does not challenge the indictment on this count.

§ 52-7-21 (a) provides: "This article [(the Georgia Boat Safety Act)] and other applicable laws of this state shall govern the operation, equipment, and numbering of vessels and all other matters relating thereto, *whenever any vessel shall be operated on the waters of this state or when any activity regulated by this article shall take place thereon. . . .*" (Emphasis supplied.) The Act defines "[w]aters of this state" as "any waters within the territorial limits of this state and the marginal sea adjacent to this state and the high seas when navigated as a part of a journey or ride to or from the shore of this state. *This definition shall not include privately owned ponds or lakes not open to the public.*" (Emphasis supplied.) OCGA § 52-7-3 (26).

As made clear by the statutory language, the General Assembly intended for the Boat Safety Act to apply to the operation of vessels on Georgia waters that are not privately owned, or are privately owned and open for public use. Since it is undisputed here that the incident that formed the basis for the indictment occurred entirely on a lake that was privately owned and was not open to the public, the trial court erred in failing to dismiss those portions of the indictment that were based on alleged violations of the Georgia Boat Safety Act. Cf. *Buckalew v. State*, 249 Ga. App. 134, 136 (1) (c) (547 SE2d 355) (2001) (conviction for boating under the influence upheld where evidence supported court finding that body of water where incident occurred fell within the definition of "[w]aters of this state").

*Judgment reversed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JANUARY 26, 2004 

*Stephen E. Tillman*, for appellant.

*Richard E. Currie, District Attorney, Allen R. Knox, Assistant District Attorney*, for appellee.

